UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALLAN QUARLES,

    Plaintiff

v.

JAMES YOUNGKIN, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:24-CV-00573

(MEHALCHICK, J.)

**MEMORANDUM**

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Allan Quarles ("Quarles"), a pretrial detainee currently housed at the Carbon County Correctional Facility, in Nesquehoning, Pennsylvania. (Doc. 1). Quarles seeks to proceed *in forma pauperis*. (Doc. 2). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).[1] For the reasons set forth below, the Court will grant the motion to proceed *in forma pauperis* and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, mindful of the wide latitude given to *pro se* plaintiffs, the Court will provide Quarles an opportunity to correct his pleading errors by filing an amended

---

[1]A federal court may properly dismiss an action *sua sponte*, in whole or in part, under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i), 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915(e)(2)(B)(iii), and 28 U.S.C. § 1915A(b)(1) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Section 1915A, requires federal district courts to "review…a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1).

complaint that strictly complies with Federal Rule of Civil Procedure 8 and Federal Rule of Civil Procedure 20.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

Quarles commenced this action with the filing of a *pro se* complaint (Doc. 1) on or about April 4, 2024. In the complaint, Quarles alleges perceived mistreatment by more than 30 different Defendants—including individuals at the Carbon County Correctional Facility, nurses employed by PrimeCare Medical, Inc., and the Carbon County Public Defender's Office. (*See* Doc. 1). He purports to raise constitutional claims under the Fifth, Eighth, and Fourteenth Amendments. (Doc. 1, at 1). Quarles filed what can only be deemed a "kitchen-sink" or "shotgun" style pleading, using incomplete sentences, broad allegations, and failing to link specific Defendants and actions.

II.     **DISCUSSION**

Federal Rule of Civil Procedure 8 establishes the general rules of pleading. *See* FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation…be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). These rules task the plaintiff to provide "the defendant fair notice of what the…claim is and the grounds upon which it rests." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than legal labels and conclusory assertions: a complaint must include enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Quarles' complaint fails to meet these basic pleading requirements. He lumps all allegations of constitutional violations by all Defendants into one paragraph and does not

connect most facts to specific actors. Quarles alleges that his lawyer forged his signature on the Rule 600 waiver and called him derogatory names, the District Attorney and Public Defender used racial slurs, he was beat up, there is mold in the prison kitchen and air duct system, the prison water is contaminated, commissary items are overpriced, misappropriation of funds, inmates are overcharged for phone calls, inmates in the restricted housing unit are denied phone calls, and the prison does not offer mental health or drug treatment. (Doc. 1, at 9). Such a pleading style is a quintessential shotgun pleading.

In addition, the complaint does not identify the legal theory supporting the individual claims. Rather, it lists alleged violations of the Fifth, Eighth, and Fourteenth Amendments, but fails to clearly link these theories to each of the 30 named Defendants. In sum, Quarles' complaint "l[eaves] the defendants having to guess what of the many things discussed" constitute causes of action, the legal theory on which those causes may rest, and the Defendants against whom each cause is lodged. *See Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (not precedential). Quarles' complaint thus fails to comply with Rule 8.

The lack of clarity in Quarles' complaint causes an additional problem. Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple claims and multiple defendants may be joined. Rule 18 states that a party "may join…as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Thus, when an action involves only one defendant, a plaintiff may assert every claim he has against that defendant, regardless of whether the claims are factually or legally related to one another, subject only to the limits of federal subject-matter jurisdiction. *See* 7 CHARLES ALAN WRIGHT & ARTHUR MILLER, *et al.*, *Federal Practice and Procedure* § 1582 (3d ed. 2019); *see also* FED. R. CIV. P. 18(a).

3

When a plaintiff seeks to assert claims against multiple defendants, however, Rule 20 also comes into play. *See* 7 CHARLES ALAN WRIGHT & ARTHUR MILLER, *et al.*, *Federal Practice and Procedure* § 1655 (3d ed. 2019). Rule 20 governs permissive joinder of parties and explains that a plaintiff may only join multiple defendants in a single case if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a plaintiff may join multiple defendants in a single complaint only if he asserts at least one claim linking all defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact. FED. R. CIV. P. 20(a)(2); 7 CHARLES ALAN WRIGHT & ARTHUR MILLER, *et al.*, *Federal Practice and Procedure* § 1655 (3d ed. 2019). That is, there must be at least one common claim against all named defendants. Once a plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more defendants, even if those additional claims are unrelated to the common claim linking all defendants. *See* FED. R. CIV. P. 18(a); 7 CHARLES ALAN WRIGHT & ARTHUR MILLER, *et al.*, *Federal Practice and Procedure* § 1655 (3d ed. 2019).

Quarles' complaint violates Rule 20. The Court is unable to discern the claims in the complaint that properly link all Defendants. For example, there is no obvious connection between Quarles' reference to his criminal defense attorney, who allegedly forged his signature on the Rule 600 waiver and called him derogatory names (Doc. 1, at 9), and the balance of his allegations concerning the conditions at the Carbon County Correctional

4

Facility. Under Rule 20, disconnected and unrelated claims against multiple Defendants cannot stand.

Noncompliance with Rule 20 is particularly problematic in cases under the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA substantially changed judicial treatment of prisoner civil rights actions. Specifically, under the PLRA, the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of independent claims in a civil action without making the required connection among joined defendants under Rule 20 would circumvent the filing fee requirement of the PLRA.

### III.   CONCLUSION

The Court will grant the motion (Doc. 2) to proceed *in forma pauperis* and dismiss the complaint (Doc. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will afford Quarles the opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure. Any amended complaint must comply with both Rule 8 and Rule 20. The amended complaint must more clearly state the basis for the claims lodged against each Defendant. *See* FED. R. CIV. P. 8(a). If Quarles' amended complaint names more than one Defendant, the pleading must identify at least one common cause of action against all of them. *See* FED. R. CIV. P. 20(a)(2).

An appropriate Order will follow.

Dated: May 1, 2024                                                                                                     *s/ Karoline Mehalchick*
                                                                                                                              **KAROLINE MEHALCHICK**
                                                                                                                              **United States District Judge**

5